**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SNEIDERS ERIC SALINDEHO, MERCY ANNEKE TAMAKA, | No. 10-72801 |
| Petitioners, | Agency Nos. A096-141-973 A096-141-974 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 19, 2012[**]

Before:  GOODWIN, WALLACE, and FISHER, Circuit Judges.

Eric Sneiders Salindeho and Mercy Anneke Tamaka, natives and citizens of

Indonesia, petition for review of the Board of Immigration Appeals' order

dismissing their appeal from the immigration judge's decision denying their

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo legal findings and review for substantial evidence factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

We do not address the 2010 religious freedom report petitioners attached to their opening brief because our review is limited to the administrative record underlying the agency's decision. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1995); *cf. Gafoor v. INS*, 231 F.3d 645, 655 (9th Cir. 2000) (court may take judicial notice of dramatic events and remand to agency for consideration).

Substantial evidence supports the agency's finding that the harassment petitioners experienced in Indonesia, including the groping Tamaka suffered, does not rise to the level of persecution. *See Wakkary*, 558 F.3d at 1059-60. Substantial evidence also supports the agency's determination that even under disfavored group analysis, *see Tampubolon v. Holder*, 610 F.3d 1056, 1062 (9th Cir. 2010), petitioners failed to establish individualized risk of harm sufficient to demonstrate a well-founded fear of persecution, *see Halim v. Holder*, 590 F.3d 971, 976-80 (9th Cir. 2009). The record does not compel the conclusion that there is a pattern or practice of persecution of Christian Indonesians. *See Wakkary*, 558 F.3d at 1061-

62. We reject petitioners' request that the court reconsider its stance on whether there is such a pattern or practice. Petitioners' asylum claim fails.

Because petitioners could not meet their burden of establishing eligibility for asylum, the agency correctly found that they could not meet the heavier burden of qualifying for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Lastly, substantial evidence supports the agency's denial of CAT relief because petitioners failed to establish it is more likely than not they will be tortured if they return to Indonesia. *See Wakkary*, 558 F.3d at 1067-68.

**PETITION FOR REVIEW DENIED.**

10-72801